UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

COREY INFANTINO, on behalf of himself
and all others similarly situated,

          Plaintiff,            **DECISION AND ORDER**

          v.            6:20-CV-06782-EAW-MWP

SEALAND CONTRACTORS CORP. and
DANIEL BREE, individually,

          Defendant.
_____

# BACKGROUND

Plaintiff Corey Infantino ("Plaintiff") commenced this action on October 1, 2020, alleging that defendants Sealand Contractors Corp. ("Sealand") and Daniel Bree ("Bree," collectively, "Defendants") failed to pay overtime wages to Plaintiff and others similarly situated in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* (the "FLSA") and the New York Labor Law (the "NYLL") and its associated regulations. (Dkt. 1 at ¶¶ 1, 2-7, 14-17). On December 15, 2020, the Court referred the case to United States Magistrate Judge Marian W. Payson for all pretrial matters excluding dispositive motions. (Dkt. 13).

On February 19, 2021, Plaintiff filed a motion to conditionally certify a collective action pursuant to 29 U.S.C. § 216(b) and for leave to distribute notice to putative collective members. (Dkt. 20). On March 29, 2021, Defendants filed their opposition to Plaintiff's motion and cross-moved to compel arbitration or, alternatively, to dismiss. (Dkt. 33).

Plaintiff subsequently filed a combined response to Defendants' motion to compel arbitration or dismiss and reply in further support of his motion for conditional certification on April 13, 2021. (Dkt. 37). Defendants filed a reply in further support of their motion to compel arbitration or to dismiss on April 20, 2021. (Dkt. 38).

On April 21, 2021, Plaintiff moved to strike Defendants' reply to Plaintiff's response to the cross-motion as an impermissible sur-reply pursuant to Local Rule of Civil Procedure 7(a)(6). (Dkt. 39). On April 22, 2021, Magistrate Judge Payson held oral argument regarding Plaintiff's motions and Defendants' cross-motion. (Dkt. 45).

During oral argument, Magistrate Judge Payson granted in part Plaintiff's motion to strike (Dkt. 45), striking point one and portions of the statement of facts Plaintiff highlighted in the exhibit submitted with the motion to strike (Dkt. 39-1). The portions struck primarily concerned the factual nexus between Plaintiff and other putative collective members. (*See id.* at 3, 5-8, 11). Magistrate Judge Payson ordered supplemental briefing from the parties regarding a line of cases related to *Quintanilla v. Suffolk Paving*, No. CV 09-5331(SJF)(AKT), 2011 WL 1323033 (E.D.N.Y. Feb. 10, 2011), which the court raised during oral argument. (*See* Dkt. 47 at 36-37). The parties filed their supplemental briefs on April 30, 2021. (Dkt. 42; Dkt. 43). On May 3, 2021, Plaintiff moved to strike portions of Defendants' supplemental brief as outside the scope of Magistrate Judge Payson's directive. (Dkt. 44).

On May 11, 2021, Magistrate Judge Payson issued a Decision and Order and Report and Recommendation (the "R&R") (Dkt. 46). Judge Payson granted in part Plaintiff's

-2-

motion to strike portions of Defendants' supplemental filing, striking point II in Defendants' brief. (*Id*. at 32 n.7, 38). She further granted Plaintiff's motion for conditional certification and for approval of and authorization to distribute the proposed notice to the putative collective class. (*Id.* at 38-39). Judge Payson recommended that the Court equitably toll the FLSA statute of limitations and that the Court deny Defendants' motion to compel arbitration or to dismiss. (*Id*.).

Defendants timely filed objections to the R&R. (Dkt. 48). Plaintiff timely filed a response to Defendants' objections. (Dkt. 50). Familiarity with the R&R and underlying facts of this matter, as set forth in the R&R, is assumed for purposes of this Decision and Order.

After conducting a careful review of the R&R, and the record in this matter, *see* 28 U.S.C. § 636(b)(1)(C), the Court adopts the R&R in its entirety. This Decision and Order addresses Defendants' specific objections.

## DISCUSSION

### I. Standard of Review of Report and Recommendation

Pursuant to 28 U.S.C. § 636(b)(1)(C), where a party makes specific objections to a magistrate judge's report and recommendation, the district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "The Court reviews unobjected-to findings for clear error." *Am. Ins. Co. v. City of Jamestown*, 914 F. Supp. 2d 377, 384 (W.D.N.Y. 2012). After conducting its review, the Court may "accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## II.   **Mandatory Arbitration Pursuant to the Collective Bargaining Agreement**

Defendants' motion to compel arbitration is premised on the terms of a collective bargaining agreement ("CBA") entered into by Plaintiff's union and in force between 2017 and 2021. (*See* Dkt. 46 at 22). In the R&R, Magistrate Judge Payson determined that any waiver of Plaintiff's statutory rights under federal and New York State wage and hour laws through the collective bargaining agreement (the "CBA") must be "clear and unmistakable" following the Second Circuit's test set forth in *Abdullayeva v. Attending Homecare Servs. LLC*, 928 F.3d 218, 222 (2d Cir. 2019). (Dkt. 46 at 27, 31-33). Defendants contend in their objections that Plaintiff is asserting rights pursuant to the CBA, and not statutory rights, and that Magistrate Judge Payson's application of *Abdullayeva* was therefore misplaced. (*See* Dkt. 48 at 11-13). Instead, Defendants propose that Magistrate Judge Payson should have applied the Second Circuit's preference for arbitration set forth in *Daly v. Citigroup, Inc.*, 939 F.3d 415, 421 (2d Cir 2019) ("[W]e will compel arbitration unless it may be said with positive assurance that the arbitration case is not susceptible of an interpretation that covers the asserted dispute."). (*See* Dkt. 48 at 12). Defendants argue in particular that Plaintiff's NYLL § 191 claims rely fundamentally on the CBA and should not be subject to the "clear and unmistakable" standard, as NYLL § 191 does not afford a statutory right independent of an underlying contract. (*See* Dkt. 48 at 12 n.7).

-4-

Plaintiff argues that Defendants have not previously properly raised the argument that Plaintiff's claims rely on the CBA. (Dkt. 50 at 7). Because Defendants failed to raise this argument previously and failed to certify the new argument pursuant to Local Rule of Civil Procedure 72(c), Plaintiff contends that the Court should not consider it. (*Id.* at 7-8). Plaintiff argues that in the alternative, if the Court were to consider Defendants' argument, Defendants have failed to point to a specific provision of the CBA to support their position that Plaintiff's claims are contractual and not statutory. (*Id.* at 8-9).

Fundamentally, Defendants' contention rests on the position that Plaintiff asserts rights guaranteed by the CBA and not by statute. (*See* Dkt. 48 at 12 ("Plaintiff's claims are transparently and admittedly based on the terms of the CBA, and they cannot arise independently under either the FLSA or New York Labor Law, neither of which provides for a breach of contract action.")). Defendants rely on Plaintiff's counsel's comments during oral argument in response to Magistrate Judge Payson's questioning regarding the "terms and conditions" that, pursuant to NYLL § 191, Defendants are alleged to have violated. (*See* Dkt. 47 at 49-50). Plaintiff's counsel stated:

> I brought that based on the client's understanding of the contract, which it's in the contract. It states that a plaintiff shall be paid a time for over the amount of hours worked in an eight-hour shift, so based upon the contract with his employer, that is why it was brought, not based upon the statute. This is not a statutory case in terms of the eight hours. This is based upon the terms and conditions of his employment, which is a New York Labor Law claim, which has nothing to do with FLSA, as the Court correctly noted.

(Dkt. 47 at 50).

Based on this same statement of counsel at oral argument, in their supplemental briefing, Defendants introduced a new argument that Plaintiff's claims arise from the CBA and are accordingly not subject to the clear and unmistakable standard. (Dkt. 43 at 4-7). This new argument—along with a new argument, discussed below, that Plaintiff's claims are preempted by § 301 of the Labor Management Relations Act (the "LMRA")—was contained in point II of Defendants' supplemental brief. (Dkt. 43 at 4-7). This is the portion of Defendants' supplemental brief that Plaintiff subsequently moved to strike (Dkt. 44). Judge Payson granted this motion, explaining that the arguments contained in point II of Defendants' supplemental brief had not been raised at the appropriate time and thus were not properly before the Court. (Dkt. 46 at 32 n.7, 38).

Thus, although Defendants have presented their argument that Plaintiff's claims arise from the CBA and not from statute as an objection to Magistrate Judge Payson's application of the clear and unmistakable standard, it is actually a request that the Court overrule Magistrate Judge Payson's determination that this argument was not timely raised. The Court will not do so. Magistrate Judge Payson was correct in determining that Defendants could and should have raised this argument in their moving papers and that it was outside the scope of the supplemental briefing that she had ordered. Accordingly, because Magistrate Judge Payson appropriately struck and did not consider this argument, the Court treats it as not having been made before Magistrate Judge Payson.

"In this . . . circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that

could have been raised before the magistrate but were not." *Hubbard v. Kelley*, 752 F. Supp. 2d 311, 312-313 (W.D.N.Y. 2009) (citing *Illis v. Artus*, No. 06-CV-3077, 2009 WL 2730870, at *1 (E.D.N.Y. June 22, 2009)); *see also Pierce v. Mance*, No. 08 Civ. 4736, 2009 WL 1754904, at *1 (S.D.N.Y June 22, 2009) ("Rule 72(b) does not provide that new claims may be raised in objections to a report and recommendation.  Moreover, since new claims may not be raised properly at this late juncture, the petitioner's new claims, presented in the form of, or along with, 'objections,' should be dismissed."); *cf. Wesley v. Alexander*, No. 99 Civ. 2168(LAK), 2005 WL 1352593, at *6 (S.D.N.Y June 8, 2005) ("[A]lthough 28 U.S.C. §636(b)(1) authorizes a district court to receive additional evidence on appeal from a magistrate judge's decision, such a step is disfavored absent 'a most compelling reason' to do so." (quoting *Housing Works, Inc. v. Turner*, 362 F. Supp. 2d 434, 438 (S.D.N.Y. 2005)).  Importantly, Local Rule of Civil Procedure 72(c) mandates that "[a]ny party filing objections to a Magistrate Judge's order or recommended disposition must include . . . a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge."  L. R. Civ. P. 72(c).  At a minimum, Local Rule 72(c) required Defendants to identify any new arguments and explain why the argument was not raised to the magistrate judge.  Defendants failed to take even this minimal step, and the Court accordingly declines to entertain their argument that the "clear and unmistakable" standard does not apply because Plaintiff's claims arise from the CBA and not from statute.

### III.    The Scope of the Grievance and Arbitration Clause

Defendants' second objection is to Magistrate Judge Payson's determination that Plaintiff's claims do not fall within the CBA grievance procedure's ambit set forth in article XX, section 2 of the CBA. (Dkt. 48 at 9-10). In support of their argument, Defendants rely on article XX, section 4 of the CBA, which states, in relevant part:

> The Joint Committee shall, upon each dispute or grievance processed in accordance with this Article after completion of or as part of Step 2, have the right to examine time sheets and any other records pertaining to the computation of compensation of any individual or individuals whose pay is in dispute.

(Dkt. 33-5 at 36, 90-91). Defendants quote a limited selection of this provision in their objections to support their contention that the grievance and arbitration clause set forth in article XX, section 2 of the CBA covers disputes related to wages and timesheets. (*See* Dkt. 48 at 9-10). As Defendants argue, in order to give effect to article XX, section 4, certain wage and hour disputes must be subject to the grievance process. (*Id.* at 9-10). In the alternative, Defendants contend that article XX, section 6 sets forth a separate mandatory grievance process and that even if Plaintiff's claims are not subject to article XX, section 2, they must follow the mandatory procedure set forth in article XX, section 6. (*Id.* at 14).

Plaintiff responds that Defendants have made only a general objection to Magistrate Judge Payson's findings in which Defendants reiterate the same arguments presented to Magistrate Judge Payson. (Dkt. 50 at 17-21). Plaintiff notes that Defendants employed the same construction of article XX, section 4, which Magistrate Judge Payson considered,

reasoning that "[w]hile the first sentence of that section recognizes the joint committee's 'right to investigate all facts pertaining to the dispute,' the second sentence makes clear that 'the dispute' refers to 'each dispute or grievance processed in accordance with this Article after completion of or as part of Step 2'" of the process set forth in article XX, section 2. (Dkt. 46 at 30; *see* Dkt. 50 at 19).

Defendants' objection to Magistrate Judge Payson's construction of the CBA's grievance and arbitration clause does consist largely of a mere repetition of the arguments presented to Magistrate Judge Payson. (*Compare* Dkt. 38 at 7-9, *with* Dkt. 48 at 13-14). "Objections of this sort are frivolous, general and conclusory and would reduce the magistrate's work to something akin to a 'meaningless dress rehearsal.'" *N.Y. City Dist. Council of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 336 (S.D.N.Y. Sept. 26, 2018) (quoting *Vega v. Artuz*, No. 97 Civ. 3775 (LTS)(JCF), 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002)). Accordingly, "where the objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments made before the magistrate judge, the court reviews that portion for clear error or manifest injustice." *Singh v. N.Y. State Dep't of Tax'n & Fin.*, 865 F. Supp. 2d 344, 348 (W.D.N.Y. 2011). "[A] finding is clearly erroneous only if although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Atl. Specialty Ins. Co. v. Coastal Envtl. Group Inc.*, 945 F.3d 53, 63 (2d Cir. 2019) (quotation omitted).

However, Defendants have made one argument that is sufficient to trigger the *de novo* review standard—namely, that Magistrate Judge Payson's construction of article XX, section 4 is erroneous because it renders that section's reference to "time sheets" and "pay in dispute" superfluous. (*See* Dkt. 48 at 13-14). This argument is without merit. As Judge Payson explained in the R&R, article XX of the CBA is "hardly a model of clarity," and the construction of section 4 Defendants espouse would contradict other express provisions of the CBA and read a requirement into article XX, section 5 that does not exist. (Dkt. 46 at 30-31). "Whether the CBA provides for arbitration of a particular subject is a matter of law for the court to decide, as a matter of contract interpretation." *Bakery Confectionery Tobacco Workers & Grain Millers Int'l Union, Loc. 116, AFL-CIO, CLC v. Wegmans Food Markets, Inc.*, 66 F. Supp. 3d 333, 335 (W.D.N.Y. 2014). On *de novo* review, the Court agrees with Judge Payson's construction of article XX, section 4.

### IV. Preemption Under the LMRA

Defendants next assert that Plaintiff's claims are preempted by § 301 of the LMRA. Plaintiff asserts rights that the CBA guarantees, namely that the CBA defines a workday as eight hours. (Dkt. 48 at 11). Based on Plaintiff's counsel's statements during oral argument that he relied on the CBA's provision that a workday is defined as eight hours, Defendants argue specifically that the NYLL § 191 claim fundamentally relies on an interpretation of the CBA, and the Court must construe it as an LMRA § 301 claim or dismiss it as preempted by federal labor-contract law. (Dkt. 48 at 15).

As explained above, and as Plaintiff notes in his response to Defendants' objections, Defendants attempted to introduce the argument that the LMRA preempted Plaintiff's claims in Defendants' supplemental memorandum of law. (Dkt. 50 at 11; *see* Dkt. 43 at 4-7). Magistrate Judge Payson struck this argument as not within the scope of her directive and not properly before the court. (Dkt. 46 at 32 n.7).

Defendants, in the certification appended to their objections, attest that their objections do not present any new legal or factual arguments to the Court. (Dkt. 48 at 15). Defendants fail to identify this argument, which had previously been struck, as a new argument, or to offer any compelling reason why it should be considered now.[1] Accordingly, for the same reasons set forth at length above with respect to Plaintiff's first objection, the Court will not consider Defendants' argument regarding preemption under the LMRA.

## V. Failure to State a Claim under the LMRA

Defendants assert that if the Court were to construe Plaintiff's allegations as claims pursuant to LMRA § 301, Plaintiff would have failed to state a claim. As discussed in the previous section, the Court will not consider Defendants' argument that Plaintiff's claims are preempted by LMRA § 301. Therefore, whether Plaintiff has failed to state a claim

---

[1] Defendants' only attempt at an explanation is found in a footnote in their objections, where they claim that "Plaintiff did not reveal his reliance on the CBA until oral argument." (Dkt. 48 at 15 n.8). However, the Court is not obligated to consider arguments relegated to footnotes. *See Stensrud v. Rochester Genesee Reg'l Transportation Auth.*, 507 F. Supp. 3d 444, 459 (W.D.N.Y. 2020).

pursuant to LMRA § 301 is of no moment and the Court need not and does not reach this argument.

## VI. <u>Failure to Exhaust Administrative Remedies Pursuant to NYLL §220</u>

Finally, as an alternative to construing Plaintiff's claims as LMRA § 301 claims, Defendants contend that Plaintiff worked on public projects that were subject to the prevailing wage requirements of New York law. (*See* Dkt. 48 at 13). Because Plaintiff's claims are prevailing wage claims, Defendants argue, Plaintiff's claims would "invoke prevailing wage law" and subject the claims to NYLL § 220 and the administrative process required thereby. (*See id.* at 17-18). Accordingly, Defendants contend that Plaintiff did not properly exhaust his administrative remedies before bringing his claims. (*Id.*).

Plaintiff counters that Defendants presented this argument to Magistrate Judge Payson who considered and rejected it. (Dkt. 50 at 21-23). Additionally, Plaintiff argues that he does not assert prevailing wage claims. (*Id.* at 22-23). Instead, Plaintiff asserts claims for the payment of wages and overtime pursuant to Article 6 of the NYLL, NYLL § 190 *et seq.*, Article 19 of New York's Minimum Wage Act, NYLL § 650 *et seq.*, and the relevant New York regulations. (*Id.*; *see* Dkt. 1 at ¶¶49-54). None of these authorities require administrative exhaustion. (*See* Dkt. 50 at 22).

Magistrate Judge Payson considered Defendants' argument, reasserted in their objections to the R&R. (*See* Dkt. 46 at 35-38). She determined that although Bree's declaration referred to prevailing wage work, it was not a pleading, and "Defendants' motion to dismiss must be assessed on the four corners of the pleadings." (*Id.* at 36).

Furthermore, other papers filed by Defendants referred to non-prevailing-wage work, such that the issue of sorting which work was subject to the prevailing wage and which was not "may be an issue for discovery." (*Id.* at 37). Therefore, "dismissal of the complaint on the grounds that [Plaintiff's] claims could relate only to prevailing wage jobs is inappropriate because it is based upon an unsupported construction of the pleadings." (*Id.*).

Defendants have again raised only a general and conclusory objection to Magistrate Judge Payson's findings, instead merely representing their original contentions without addressing the actual conclusions reached by Magistrate Judge Payson. In particular, Defendants do not even address Magistrate Judge Payson's thorough determination that it cannot be concluded, on the current record, that Plaintiff worked *exclusively* on prevailing wage jobs. (Dkt. 46 at 36; *see* Dkt. 48 at 17). Accordingly, it is within the Court's discretion to review this objection for clear error. However, after *de novo* review, the Court determines that Magistrate Judge Payson was correct that the record is unclear regarding the extent to which Plaintiff worked on prevailing wage projects and that this argument accordingly cannot be resolved in Defendants' favor before discovery.

Furthermore, the Court has reviewed the unobjected-to portions of the R&R, including the recommendation that the Court equitably toll the FLSA statute of limitations for clear error. Finding none, the Court adopts the R&R in its entirety.

## **CONCLUSION**

For the reasons set forth above, the Court adopts the R&R in its entirety and (1) denies Defendants' motion to compel arbitration or, in the alternative, to dismiss (Dkt. 33) and (2) grants Plaintiff's motion for equitable tolling of the FLSA statute of limitations as set forth in the R&R (Dkt. 20; *see* Dkt 46 at 18-20, 38).

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:     September 30, 2021
           Rochester, New York